IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ARLINDA JOHNS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 3:16-CV-1102-NJR-DGW |
| CONTINENTAL TIRE THE AMERICAS, LLC, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion for Judgment on the Pleadings on Count IV of Plaintiff's Complaint (Doc. 11) and the Motion to Strike (Doc. 13) filed by Defendant Continental Tire the Americas, LLC ("Continental Tire"). For the reasons set forth below, both motions are denied.

## BACKGROUND

Plaintiff Arlinda Johns is an African-American, homosexual female. Johns began working at Continental Tire's Mount Vernon, Illinois, tire manufacturing plant on October 29, 2012, as a Final Finish Set Up Technician in the truck tire Final Finish Department (Doc. 2, p. 3). Johns primarily worked alongside six white men and one white female (*Id.*).

In December 2012, Johns's male co-workers began harassing her regarding her sexuality, her race, and her gender (*Id.*, p. 4). According to the Complaint,[1] for two years

---

[1] On a motion for judgment on the pleadings, the Court must view all of the facts in a light most favorable to the non-moving party. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

Johns endured taunting and name-calling from her male co-workers on nearly a daily basis. Among other things, they called her a "black dyke," a "c—t," and a "woman n----r dyke," told her all she needed was "some good d—k," and told her to "man up," suggesting she could not do the job because she was female. Johns's coworkers gave her the silent treatment, left copies of job openings on her work bike to suggest she did not belong in that department, and drew derogatory pictures of Johns along with derogatory messages (*Id.*, p. 6-8). They ensured she worked overtime in an effort to get her to quit (*Id.*, p. 7). They called her a "crackhead" like "most of them" when she was injured at work and was prescribed Tylenol with Codeine #3, causing her to fail a mandatory drug screening (*Id.*). They complained about having to deal with a "black dyke" and called her a "stupid mother f----r." (*Id.*, p. 8). One co-worker told the others that Continental Tire "hasn't had a goddamn n----r here in 40 years, this is some bullshit. She should make less than all of us." (*Id.*, p. 13).

Johns complained to management a number of times, but seemingly nothing was done to stop the harassment, other than telling her to try harder to get along with her coworkers (*Id.*). The final incident occurred on October 14, 2014, when another job opening was placed on Johns's work bike with a note telling her to get a new job because "we don't want you here." (*Id.*, p. 15). Johns wrote back "You'll be dead before I leave." (*Id.*). Continental Tire construed this statement as a threat and used it "as an excuse" to ultimately terminate Johns (*Id.*).

On December 1, 2014, Johns filed a charge of discrimination with the Illinois Department of Human Rights. The IDHR sent Johns's charge to the United States Equal

Employment Opportunity Commission ("EEOC") for dual filing purposes. The IDHR then issued an Investigation Report (its equivalent of a right to sue letter) on April 13, 2016, giving Johns 90 days thereafter to institute a civil action under the IHRA. 775 Ill. Comp. Stat. 5/7A-102(D)(3).

Johns filed suit in this District Court on June 3, 2016. *See Johns v. Continental Tires the America*, Case No. 3:16-cv-00603-NJR-PMF. On July 25, 2016, Continental Tire filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment on Plaintiff's Title VII Claims (Doc. 12). The sole basis for the motion was that the EEOC had not yet issued a Notice of Right to Sue, which is required before a plaintiff may assert a claim under Title VII in federal court. Accordingly, Continental Tire argued, Johns's Title VII claims must be dismissed for failure to exhaust administrative remedies.

On August 15, 2016, counsel for Johns entered his appearance. Two days later, on August 17, 2016, counsel filed a motion to stay briefing and reset the scheduling conference (Doc. 25). Counsel sought to stay briefing on Continental Tire's pending motion for judgment on the pleadings for two reasons. First, counsel had just been retained and needed time to review the case and to correct several pleading errors made by Johns while she was proceeding *pro se*. Second, because Johns was waiting on the EEOC right to sue letter, a motion to amend the complaint could not yet be filed.[2] Alternatively, and "only if necessary," counsel asked the Court to grant a voluntary dismissal pursuant to Rule 41(a)(2), without prejudice, and with leave to refile.

---

[2] Counsel noted that he immediately contacted the EEOC to obtain a right to sue letter upon retention of his services.

The next day, August 18, 2017, the Court entered a text order granting Continental Tire's motion for judgment on the pleadings because Johns filed suit before obtaining a right to sue letter from the EEOC (Doc. 27). The Court dismissed Johns's Title VII claims without prejudice and with leave to refile her claims once she received the right to sue letter from the EEOC (*Id.*). Johns filed this lawsuit on September 30, 2016, attaching both the EEOC Notice of Right to Sue and IDHR Investigation Report (Doc. 2).

## Discussion

### I. Motion for Judgment on the Pleadings

Continental Tire has again filed a motion for judgment on the pleadings, this time arguing that Johns's state law sexual orientation claim is time barred. Continental Tire argues that the IDHR issued its equivalent of a right to sue letter on April 13, 2016, giving Johns until July 12, 2016 to file a complaint. While her original complaint was filed on June 3, 2016, according to Continental Tire, it did not include an Illinois Human Rights Act ("IHRA") claim. Furthermore, because the first case was dismissed, the complaint in this case, filed on September 30, 2016, does not relate back to the date of the original complaint because only *amendments* to pleadings may relate back. This is an entirely new case and new complaint; therefore, it must be dismissed under the IHRA's statute of limitations.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). The district court must view all of the facts in a light most favorable to the non-moving party, *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987), and may only grant the motion if it is

beyond doubt that the non-movant can plead no facts that would support her claim for relief. *Thomason*, 888 F.2d at 1204. The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. *Flora v. Home Federal Savings and Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). The district court may, however, take into consideration documents incorporated by reference to the pleadings. FED. R. CIV. P. 10(c). The district court may also take judicial notice of matters of public record. *United States v. Wood*, 925 F.2d 1580, 1581–82 (7th Cir. 1991).

As an initial matter, the Court disagrees with Continental Tire that Johns did not state a claim for sexual orientation discrimination under Illinois state law in her original complaint. The IHRA provides that it is unlawful "[f]or any employer . . . to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status." 775 ILCS 5/2–102(A). It further defines "unlawful discrimination," in relevant part, as "discrimination against a person because of his or her . . . sexual orientation." 775 ILCS 5/1–103(Q).

Johns, acting *pro se*, used the District Court's "Employment Discrimination Complaint" form to state her claims. The form complaint includes a "Jurisdiction" section, which allows a plaintiff to check the basis for federal jurisdiction under 28 U.S.C. § 1331. The categories include sex, race, age, disability, national origin, religion, and "other." Sexual orientation is not listed because, as Johns notes, sexual orientation is

"still" not protected by Title VII. Nevertheless, Johns checked "other" (along with sex and race) and typed "sexual orientation" on the provided line (Doc. 21, Ex. B). The form complaint does not contain a section for a plaintiff to include those claims, like Johns's sexual orientation claim, that would fall under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Furthermore, the *pro se* complaint clearly asserted facts to support Johns's sexual orientation discrimination claim under the IHRA. She claimed she talked to human resources in May 2013 and August 2013 and presented evidence that her coworkers were calling her a "black dyke" and that all she needs is some "good d--k" or a "good man." Johns stated she continued to endure harassment, with one co-worker telling others not to "tell the dyke" any information about a work activity. Johns alleged she informed her supervisors of this conduct, but nothing was done about the harassment and discrimination. Johns also attached her IDHR Investigation Report, which discussed her sexual orientation discrimination claim and her allegation that she was discharged from employment based on her sexual orientation.

Given the allegations in Johns's original complaint, Continental Tire's assertion that she did not state a sexual orientation discrimination claim under Illinois law is disingenuous at best. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted)); *McDonald v. Household International, Inc.*, 425 F.3d 424, 427–28

(7th Cir. 2005) (complaints do not have to identify legal theories or point to the specific statute for relief); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

Having found that Johns stated a claim for sexual orientation discrimination under Illinois law in her original complaint, the Court acknowledges it was a mistake to grant Continental Tire's motion for judgment on the pleadings and to dismiss the case. The Court did not intend to foreclose Johns's state law sexual orientation discrimination claim and was unaware of the ramifications of dismissing the case at that time. Had it been fully informed, the Court would have granted Johns's motion to stay briefing, denied Continental Tire's motion for judgment on the pleadings, and permitted Johns to file an amended complaint once she received her right to sue letter from the EEOC.

As the saying goes, better late than never. Under Rule 60(a) of the Federal Rules of Civil Procedure, the Court may correct a mistake arising from oversight whenever one is found in a judgment, order, or other part of the record, on its own, with or without notice. Pursuant to this rule, the Court now corrects the mistake it made in granting Continental Tire's motion for judgment on the pleadings in the original case,[3] as it was the result of the Court's oversight. The Order granting that motion (Doc. 27) is hereby **AMENDED** to **DENY** Continental Tire's motion for judgment on the pleadings (Doc. 12), and the subsequent Judgment (Doc. 28) is **VACATED**. The Clerk of Court is **DIRECTED** to **REOPEN** Case No. 3:16-cv-00603-NJR-PMF and **CONSOLIDATE** it with

---

[3] *Johns v. Continental Tire the Americas, LLC*, Case No. 3:06-cv-00603. Because Magistrate Judge Frazier has since retired, the action shall be reassigned to Magistrate Judge Wilkerson.

Case No. 3:16-cv-01102-NJR-DGW. All future filings shall be brought in the original case and shall bear the Case No. 3:16-cv-00603-NJR-DGW.

Because the cases are now consolidated, the complaint filed in Case No. 3:16-cv-01102-NJR-DGW (Doc. 2) is construed as an amended complaint and is the operative complaint in this action. And, because it is now an amended complaint, it relates back to Johns's first filing in this District Court on June 3, 2016. *See* FED. R. CIV. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading). As a result, Johns's IHRA claim is timely, her Title VII claims are timely, and Continental Tire's pending motion for judgment on the pleadings (Doc. 11) is **DENIED**.

## II. Motion to Strike

Continental Tire also moves to strike certain paragraphs from Johns's complaint (Doc. 13). Continental Tire notes that Johns's charge of discrimination filed with the IDHR/EEOC alleges she was subject to harassment on the basis of her sex, race, and sexual orientation during an approximately four-month period "from June 14, 2014 to October 22, 2014," that she reported this harassment to Continental Tire employees "from June 14, 2014 to October 22, 2014," and that she was discharged on October 22, 2014 because of her sex, race, and sexual orientation and in retaliation for reporting this harassment. Yet, the complaint contains 53 paragraphs describing alleged incidents and events that occurred between December 2012 and May 2014. Because these allegations were never raised before the IDHR/EEOC, they should be stricken from the complaint.

Rule 12(f) of the Federal Rules of Civil Procedure governs whether to strike matters from a pleading. Under this rule, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Prejudice exists where the allegation confuses the issues or is so lengthy and complex that it puts an undue burden on the opposing party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *See* 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68.

While it is true that, generally, "a plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge . . . because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). "The test for determining whether an EEOC charge encompasses the claims in a complaint therefore grants the Title VII plaintiff significant leeway: all Title VII claims set forth in a complaint are

cognizable that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations. *Id.* at 502. "For a plaintiff to include a claim in her complaint that was not included in her EEOC charge, she must pass a two prong test: (1) the claim must be like or reasonably related to the EEOC charges; and (2) the claim would reasonably develop from an EEOC investigation into the original charge." *Harper v. Godfrey Co.*, 45 F.3d 143, 147-8 (7th Cir. 1995).

Here, Johns has raised the same claims in her complaint as she did before the IDHR/EEOC. In her charge, Johns claimed was harassed by her coworkers based on her sex, race, and sexual orientation, that she reported the harassment to management, and that the harassment continued anyway. She also alleged that she was terminated based on her sex, race, and sexual orientation, as well as in retaliation for opposing the discrimination and harassment. Johns's complaint alleges the same claims: that she was harassed by her coworkers, that Continental Tire failed to respond to her complaints of harassment, and that she ultimately was terminated as the result of her sex, race, and sexual orientation. She also alleges she was terminated in retaliation for reporting the harassment. Thus, the *claims* Johns brings are the same.

Moreover, contrary to Continental Tire's assertion, Johns never limited the timeframe of her coworkers' harassment to the four-month period in 2014. Rather, she alleges she *informed certain Continental Tire employees* of the harassment during that

period, and nothing was done to stop it. (Doc. 2, Ex. A) ("From June 14, 2014, I reported to John Baker, Steve Capps, Doug Sieger, Justin Drew, Ryan Laney, Kevin Elko, and JD Burke that I was being harassed by my co-workers but the harassment continued."). The IDHR Investigation Report specifically states that, beginning in May 2013, Johns "'gathered up' incidents and reported them all at the same time." (Doc. 2, p. 31).

As a *pro se* Title VII plaintiff, Johns did not need to allege each and every fact that combined to form the basis of her claim. *Cheek*, 31 F.3d at 500. Even so, the IDHR clearly investigated Johns's allegations of harassment dating back to the beginning of her employment. The Investigation Report contains many of the same facts alleged in the complaint and specifically names the coworkers who allegedly harassed Johns (*see* Doc. 2, pp. 29-42). Thus, Continental Tire was on notice of the underlying facts that served as the basis for Johns's claims. The motion to strike is denied.

## Conclusion

For these reasons, the Motion for Judgment on the Pleadings (Doc. 11) and Motion to Strike (Doc. 13) filed by Defendant Continental Tire the Americas, LLC, are **DENIED**. In Case No. 3:16-cv-00603-NJR-PMF, the Court Order at Doc. 27 is **AMENDED** to **DENY** Continental Tire's motion for judgment on the pleadings (Doc. 12). The subsequent Judgment (Doc. 28) is hereby **VACATED**.

The Clerk of Court is **DIRECTED** to **REOPEN** Case No. 3:16-cv-00603-NJR-PMF and **CONSOLIDATE** it with Case No. 3:16-cv-01102-NJR-DGW. All future filings shall be brought in the original case and shall bear the Case No. **3:16-cv-00603-NJR-DGW**,

and all deadlines imposed in Case No. 3:16-cv-01102-NJR-DGW will apply to both actions.

    IT IS SO ORDERED.

    DATED:   August 14, 2017

                                                    _____
                                                  **NANCY J. ROSENSTENGEL**
                                                  **United States District Judge**